## JAMES H. SMALLEY

*v.*

## JAMES SMALLEY.

1. EVIDENCE—*to prove malicious burning of house.* In an action on the case for the malicious burning of a house, positive and direct evidence that the defendant did the act is not indispensable to a recovery, but circumstan-

tial evidence is sufficient. Proof of threats immediately preceding the burning, followed by the burning, is sufficient to justify the jury in finding the party guilty.

2. EXEMPLARY DAMAGES—*malicious burning.* In the case of a malicious burning of a house, exemplary damages may be allowed.

APPEAL from the Circuit Court of Vermilion county; the Hon. OLIVER L. DAVIS, Judge, presiding.

Messrs. MALLORY & LINDSEY, for the appellant.

Mr. J. B. MANN, and Mr. W. J. CALHOUN, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was an action on the case, by appellee against appellant, for the malicious burning of a house.

The jury found the defendant guilty, and assessed the plaintiff's damages at $800, for which the court, after overruling appellant's motion for a new trial, gave judgment.

Appellant insists the verdict is contrary to the evidence. We do not think so. It was only necessary that the evidence should preponderate in favor of the plaintiff, and it was, by no means, indispensable that there should be positive and direct evidence that the defendant did the act charged against him. Circumstantial evidence was sufficient for that purpose. Five witnesses testify to distinct statements and threats by appellant, immediately preceding the burning of the house; which, being verified by the fact of burning, were abundantly sufficient to justify the jury in finding that he did the act. Opposed to this is only the testimony of the defendant, for we do not consider the testimony of his mother, the only witness examined on his behalf besides himself, as inconsistent with his guilt. It is hardly to be expected, if he was guilty, that he would voluntarily come forward and acknowledge it, and thereby ensure his conviction and confinement in the penitentiary for the arson; and while his testimony was competent, it was, therefore, liable to the most serious suspicion, and the jury were not bound to implicitly believe it.

His manner of testifying, and appearance while on the stand, were proper to be considered by the jury, in connection with the matter of his testimony, and we do not feel at liberty to hold they erred in disregarding his denial of guilt.

It appears that appellee's ownership was subject to a claim of dower of his mother, in the house, and that the judgment was for the full value proved, of the house, and it is, therefore, insisted the damages, as assessed, were excessive.

If the defendant was guilty, the act was malicious, and the jury were not limited to merely compensatory damages, but were authorized, in addition thereto, to assess against him exemplary damages. Whatever, therefore, may be the value of the dower interest in the property, the amount assessed by the verdict can not be regarded as excessive.

Perceiving no error in the record the judgment is affirmed.

*Judgment affirmed.*